In the
United States Court of Appeals
For the Eighth Circuit

---

No. 25-1815

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROMAN GABRIEL PRESCOTT, JR.,

Defendant-Appellant.

---

Appeal from the United States District Court
for the District of Minnesota

---

BRIEF OF DEFENDANT-APPELLANT

---

ERIC RIENSCHE
Assistant Federal Defender

Office of the Federal Defender
District of Minnesota
U.S. Courthouse, Suite 107
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5858

*Counsel for Defendant-Appellant*

# SUMMARY OF THE CASE

This case involves a motion for reduction in prison sentence under 18 U.S.C. § 3582(c)(2), which authorizes a reduction when: the defendant is eligible for said reduction under the statutory strictures; and a reduction is appropriate upon consideration of the 18 U.S.C. § 3553(a) sentencing factors. In the case at hand, Appellant Mr. Prescott submitted a § 3582(c)(2) motion to the district court, which was denied by barebones form order. One issue/argument is presented:

*Issue I.* Mr. Prescott contends the barebones form order denying the § 3582(c)(2) motion constitutes significant procedural error, for lack of adequate explanation to demonstrate the district court: (i) "considered the parties' arguments"; (ii) had "a reasoned basis for exercising [its] own legal decision-making authority"; and (iii) "adequately explain[ed] the chosen sentence to allow for meaningful appellate review."

It appears the Court is able to decide the issue based upon the legal arguments presented in the briefs. In addition, Mr. Prescott's prison term is approaching its end, raising a mootness concern. For these reasons, oral argument is not requested.

# TABLE OF CONTENTS

SUMMARY OF THE CASE................................................................................i

TABLE OF CONTENTS ............................................................................... ii

TABLE OF AUTHORITIES .........................................................................iv

TABLE OF CITATIONS ................................................................................v

JURISDICTIONAL STATEMENT ..........................................................1

STATEMENT OF THE ISSUE...................................................................2

STATEMENT OF THE CASE......................................................................3

    A. Original Conviction and Sentence.................................................3

    B. Modified Guidelines Calculation ................................................5

    C. Motion to Reduce Prison Sentence .............................................6

        1. Defendant Position .............................................................6

        2. Government Position............................................................7

        3. Order Denying Motion ........................................................8

SUMMARY OF THE ARGUMENT ............................................................9

ARGUMENT ................................................................................................10

I.    The barebones form order denying the § 3582(c)(2) motion constitutes significant procedural error, for lack of adequate explanation to permit meaningful appellate review.
    .............................................................................................................10

    A. Standard of Review ...................................................................10

    B. Principles of Law.......................................................................11

        1. Original Sentencing.............................................................11

        2. Motion for Sentence Reduction.........................................12

    C. Application to Case ...................................................................14

    D. Requested Remedy ...................................................................16

Conclusion ..................................................................................................16

Certificate of Compliance ........................................................................17

Certificate of Service ............................................................................18

Addendum

# TABLE OF AUTHORITIES

**Cases**

*Chavez-Meza v. United States,* 585 U.S. 109 (2018)..............................2, 13, 14, 15

*Dillon v. United States,* 560 U.S. 817 (2010) ..........................................................12

*Rita v. United States,* 551 U.S. 338 (2007)..............................................................12

*United States v. Burrell,* 622 F.3d 961 (8th Cir. 2010) ................................... *passim*

**Statutes**

18 U.S.C. § 922.......................................................................................................3

18 U.S.C. § 924.......................................................................................................3

18 U.S.C. § 3231.....................................................................................................1

18 U.S.C. § 3553...............................................................................................*passim*

18 U.S.C. § 3582...............................................................................................*passim*

18 U.S.C. § 3742.....................................................................................................1

28 U.S.C. § 1291.....................................................................................................1

**Sentencing Guidelines**

Amendment 821 ...................................................................................................5, 6

USSG § 1B1.10...............................................................................................5, 10, 12

USSG § 4A1.1.........................................................................................................5

**Rules**

FRAP 4....................................................................................................................1

FRAP 32.................................................................................................................17

FRCrP 51...............................................................................................................10

# TABLE OF CITATIONS

**Abbreviation**                                              **Description**

8th Cir. R. ....................................... Local Rules of Eighth Circuit Court of Appeals

Def. Add. ............................................. Addendum to Brief of Defendant-Appellant

FRAP ............................................................. Federal Rules of Appellate Procedure

FRCrP ............................................................. Federal Rules of Criminal Procedure

R. Doc. ................. District Court Record Docket Entry (No. 22-cr-294 (D. Minn.))

SOC ........................................................................................ Statement of the Case

USSG ............................................................... United States Sentencing Guidelines

# JURISDICTIONAL STATEMENT

Defendant-Appellant Roman Prescott was originally charged by indictment filed in United States District Court for the District of Minnesota, No. 22-cr-294 ("district court") (docket entries cited herein as "R. Doc."). Criminal offenses against the United States were alleged, (R. Doc. 1), triggering the district court's original jurisdiction, 18 U.S.C. § 3231. The Honorable Joan N. Ericksen, Senior United States District Judge, presided over all proceedings relevant to this appeal, including original sentencing, (R. Doc. 49), and consideration of a motion for reduction in sentence under 18 U.S.C. § 3582(c)(2), (R. Doc. 62).

The district court entered an order denying the § 3582(c)(2) motion on April 15, 2025. (R. Doc. 65; Def. Add., at 1). A notice of appeal was filed April 23, 2025, (R. Doc. 66), which is timely under FRAP 4(b)(1)(A)(i). This Court has jurisdiction to adjudicate the instant appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)

## STATEMENT OF THE ISSUE

Under 18 U.S.C. § 3582(c)(2), a district court is authorized to reduce a defendant's prison sentence. In the case at hand, Appellant Mr. Prescott filed a § 3582(c)(2) motion, which the district court denied by barebones form order. One issue is respectfully presented:

*Issue I.*

Whether the barebones form order denying the § 3582(c)(2) motion constitutes significant procedural error, for lack of adequate explanation to permit meaningful appellate review.

*Chavez-Meza v. United States,* 585 U.S. 109 (2018)
*United States v. Burrell,* 622 F.3d 961 (8th Cir. 2010)

## STATEMENT OF THE CASE[1]

The main focus of this Statement of the Case ("SOC") concerns those portions of the district court record, ("R. Doc."), which are particularly relevant to the issue stated above. The pertinent factual background follows:

### A.    Original Conviction and Sentence

In this criminal prosecution, the government had originally charged Defendant-Appellant Mr. Prescott with one count of unlawful firearm possession due to a felony-level criminal history, 18 U.S.C. § 922(g)(1) & § 924(a)(2). (R. Doc. 1, at 1; Def. Add., at 17). Shortly thereafter, the parties entered into a written plea agreement. (R. Doc. 32; Def. Add., at 9-16). Under the terms of the agreement, Mr. Prescott was to plead guilty to the sole charged count, (R. Doc. 32, at 1; Def. Add., at 9), which did occur at a change-of-plea hearing, (R. Doc. 31).

For the factual basis, the plea agreement described offense conduct summarized as follows:

•      On October 21, 2021, Appellant Mr. Prescott was operating a vehicle in Saint Paul, Minnesota; while he was doing so, a law enforcement officer attempted to effect a traffic stop of that vehicle.

---

[1] Abbreviations contained within parenthetical citations to the record are described in the text, as well as the Table of Citations above.

•       Rather than adhering to law enforcement's signal to stop, Mr. Prescott attempted flight, reaching high speeds and ultimately crashing the vehicle.

•       After the crash, Mr. Prescott exited the vehicle and fled on foot, running behind a nearby school building and tossing the charged firearm atop its high roof.

•       Mr. Prescott was apprehended, and law enforcement recovered the charged firearm from the roof, which was found to be equipped with a high-capacity magazine, as well as a device that enables automatic firing capability.

(R. Doc. 32, at 1-3; Def. Add., at 9-11).

The case proceeded to the sentencing phase, including preparation of a presentence investigation report. (R. Doc. 38 ("PSR")). For the advisory calculations under the United States Sentencing Guidelines ("USSG" or "Guidelines"), the PSR determined a total offense level ("TOL") of 19. (PSR, at 4). For the criminal history category ("CHC"), a total of 10 criminal history points, corresponding to CHC V. (PSR, at 12, ¶ 52). When plotted on the USSG sentencing grid, the pairing yields an advisory prison range from 57 to 71 months. (PSR, at 22, ¶ 100).

The parties submitted sentencing position pleadings. (R. Doc. 43; R. Doc. 45). Mr. Prescott sought a downward-variance sentence of a 40-month term of imprisonment, noting Mr. Prescott's youth and disadvantaged background, including the death of his mother at a young and vulnerable point in his life. (R. Doc. 43, at 3-4). For its part, the government sought a within-Guidelines

sentence, emphasizing the above aspects of the offense. (R. Doc. 45, at 2-4, 9). However, the government did acknowledge "some mitigating factor," including "his apparently untreated mental health issues, loss of his mother at a young age, and somewhat rocky relationship with his father." (R. Doc. 45, at 8).

The district court held a sentencing hearing, (R. Doc. 49), and ultimately imposed a bottom-of-Guidelines prison term of 57 months, (ECF 50, at 2; Def. Add., at 3). The minute entry for the sentencing hearing notes only the sentence imposed above, and that the requested defense variance was denied. (R. Doc. 49). Nor does the statement of reasons illuminate the district court's sentencing rationale. (R. Doc. 51 ("SOR")).

### B.    Modified Guidelines Calculation

The original CHC above had been calculated under the then-applicable "status points" provision of the Guidelines, which had added 2 points to a standard criminal history score of 8, for a total of 10 points and corresponding CHC V. (PSR, at 12, ¶¶ 50-52). Subsequently, however, the Sentencing Commission enacted USSG Amendment 821 ("Amendment 821") which altered the status points provision; and those changes were made retroactive for purposes of the 18 U.S.C. § 3582(c)(2) sentence-reduction scheme, USSG § 1B1.10(d). (R. Doc. 60, at 1-2).

When the status points provision of retroactive Amendment 821 is applied to Mr. Prescott's Guidelines calculations, USSG § 4A1.1(e), the result is a total

criminal history score of 9, with corresponding CHC IV. (R. Doc. 60, at 1-3). This alteration results in a reduced Guidelines range of 46 to 57 months, as reflected in the retroactivity letter submitted by the district court probation office. (R. Doc. 56, at 1). The government concurred with the revised calculations, and also stipulated that Mr. Prescott is eligible for a reduction in sentence under the § 3582(c)(2) statutory scheme. (R. Doc. 63, at 4; R. Doc. 64, at 1).

### C. Motion to Reduce Prison Sentence

Based upon retroactive Amendment 821 and its impact upon the applicable Guidelines range, Mr. Prescott filed a § 3582(c)(2) motion seeking a reduction in his prison sentence. (R. Doc. 60). The district court set a briefing schedule, such that the motion would be decided on the papers and without a hearing. (R. Doc. 62).

#### 1. Defendant Position

Mr. Prescott's motion focused on the § 3553(a) factors, offering the following points:

- Acknowledging the offense conduct, and also noting Mr. Prescott's full and sincere acceptance of responsibility, both at the time of his guilty plea and continuing during his ongoing incarceration.

- Noting Mr. Prescott's disadvantaged upbringing, including a number of developmental and mental-health disorders, as well as the untimely death of his mother, all leading to a number of youthful indiscretions and criminal record.

- Citing evidence of carceral rehabilitation, including a clean disciplinary record, successful substance treatment, and progress in educational and vocational programing.

- Observing that Mr. Prescott was and still is a young man, and continues to enjoy the support of family members—two of whom submitted heartfelt letters on his behalf—suggestive of a viable release plan and promise for successful supervised release upon the expiration of the prison term.

(R. Doc. 60, at 4-8).

### 2. Government Position

The government acknowledged positive signs of carceral rehabilitation. (R. Doc. 63, at 7 ("it is commendable that [Mr. Prescott] has incurred no disciplinary infractions")). However, in opposing the requested reduction, the government cited:

- The offense conduct, echoing the position at original sentencing;

- Criminal history, again echoing the position at original sentencing; and

- Mr. Prescott's probation status at the time of the offense.

(R. Doc. 63, at 7-8).

The defense filed a short response, (R. Doc. 64), thus completing the briefing schedule such that the matter was submitted for the district court's consideration and ruling, described next.

### 3. Order Denying Motion

The district court issued a form order, denying Mr. Prescott's § 3582(c)(2) motion. (R. Doc. 65; Def. Add., at 1). The form order contains a checkmark in the box next to the "denied" option, and contains no explanation or elaboration beyond that. (R. Doc. 65; Def. Add., at 1). Mr. Prescott filed a timely notice of appeal from the order, (R. Doc. 66), initiating this direct appeal by which Mr. Prescott respectfully raises the issue below—

## SUMMARY OF THE ARGUMENT

This case involves a motion for reduction of prison sentence under 18 U.S.C. § 3582(c)(2), which authorizes a reduction when: the defendant is eligible for said reduction under the statutory strictures; and a reduction is appropriate upon consideration of the 18 U.S.C. § 3553(a) sentencing factors. In the case at hand, Appellant Mr. Prescott submitted a § 3582(c)(2) motion to the district court, which was denied by barebones form order. One issue/argument is presented:

*Issue I.* Mr. Prescott contends the barebones form order denying the § 3582(c)(2) motion constitutes significant procedural error, for lack of adequate explanation to demonstrate the district court: (i) "considered the parties' arguments"; (ii) had "a reasoned basis for exercising [its] own legal decision-making authority"; and (iii) "adequately explain[ed] the chosen sentence to allow for meaningful appellate review."

# ARGUMENT

**I.  The barebones form order denying the § 3582(c)(2) motion constitutes significant procedural error, for lack of adequate explanation to permit meaningful appellate review.**

The district court denied a motion for reduction of Mr. Prescott's prison sentence, under 18 U.S.C. § 3582(c)(2). (R. Doc. 65; Def. Add., at 1). This ruling was conveyed by barebones form order, with no explanation beyond the boilerplate form language of "having considered such motion, and taking into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a)," with a check-mark in the pre-printed box next to the "denied" option. (R. Doc. 65; Def. Add., at 1). Under the facts and circumstances of this case, the absence of any substantive explanation constitutes significant procedural error, requiring reversal and remand.

## A.  Standard of Review

Generally speaking, to preserve a claim of error, a party must have first made that same objection to the district court "when the court ruling or order is made." FRCrP 51(b). Alternatively, a claim of error is deemed preserved when "a party does not have an opportunity to object to a ruling or order." *Id.* This Court has held the latter provision applies in § 3582(c)(2) proceedings, where the challenged order was decided based upon the papers and in the absence of a hearing. *United States v. Burrell,* 622 F.3d 961, 965-66 (8th Cir. 2010).

Here, Appellant Mr. Prescott brought a § 3582(c)(2) motion. (R. Doc. 60). The district court issued a briefing schedule contemplating the matter would be decided on the papers, (R. Doc. 62), followed by a response from the government, (R. Doc. 63), and counter-response from the defense, (R. Doc. 64). The district court issued an order denying the motion. (R. Doc. 65; Def. Add., at 1). Under these circumstances, there was no "opportunity to object" to the absence of substantive explanation contained in the order, such that the claimed error is deemed preserved. *Burrell,* 622 F.3d at 965-66. Accordingly, this Court reviews the "district court's decision under § 3582(c)(2) to reduce a sentence and the extent of any reduction for abuse of discretion." *Id.* at 964.

### B.    Principles of Law

The issue raised here calls for examination of federal sentencing principles applicable to: (1) original sentencing; and (2) motions for reduction in sentence—

### 1.    Original Sentencing

Federal law contains a number of procedural requirements at original sentencing, including the requirement for a district court to state its "reasons for its imposition of the particular sentence," whether at particular point within the applicable Guideline range or at a point outside that range. 18 U.S.C. § 3553(c). As for the quantum of explanation required, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments

and has a reasoned basis for exercising his own legal decision-making authority."
*Rita v. United States,* 551 U.S. 338, 356 (2007). The requisite detail depends on the
circumstances of the case. *Id.* at 356-59.

### 2. Motion for Sentence Reduction

After the original sentence has been imposed, federal law offers limited
avenues to modify that same sentence, one of which is 18 U.S.C. § 3582(c) which
provides:

> [I]n the case of a defendant who has been sentenced to a term of
> imprisonment based on a sentencing range that has subsequently been
> lowered by the Sentencing Commission * * * upon motion of the
> defendant * * * the court may reduce the term of imprisonment, after
> considering the factors set forth in section 3553(a) to the extent that
> they are applicable, if such a reduction is consistent with applicable
> policy statements issued by the Sentencing Commission.

The "applicable policy statement[]" is contained within USSG § 1B1.10.

The statutory scheme calls for the district court to conduct a two-step inquiry:
(i) "follow the Commission's instructions in § 1B1.10 to determine the prisoner's
eligibility for a sentence modification and the extent of the reduction authorized";
and (ii) "consider any applicable § 3553(a) factors and determine whether * * * the
reduction authorized by reference to the policies relevant at step one is warranted in
whole or in part under the particular circumstances of the case." *Dillon v. United
States,* 560 U.S. 817, 827 (2010).

Later, the Supreme Court decided a case involving a § 3582(c)(2) "barebones form order," similar to the challenged order at issue here. *Chavez-Meza v. United States,* 585 U.S. 109, 119 & App. (2018). The Supreme Court assumed (without deciding) that "district courts have equivalent duties when initially sentencing a defendant and when later modifying the sentence" pursuant to § 3582(c)(2). *Id.* at 115. Under that standard, said the majority, the district court is tasked with providing an explanation that shows the judge: (i) "considered the parties' arguments"; (ii) had "a reasoned basis for exercising his own legal decision-making authority"; and (iii) "adequately explain[ed] the chosen sentence to allow for meaningful appellate review." *Id.* at 115-16 (cleaned up).

"Just how much of an explanation this requires * * * depends * * * upon the circumstances of the particular case." *Id.* at 116. In "conceptually simple" cases where "context and the record make clear that the judge had a reasoned basis" for a § 3582(c)(2) disposition, said the majority, a barebones order may pass muster. *Id.* at 113, 117-19. For example, when:

• The judge deciding the § 3582(c)(2) motion is the same judge who imposed the original sentence;

• The record at original sentencing offers a clear explanation why the judge selected a within-Guidelines-range sentence in the first instance, and also the particular point within that range;

• The judge grants the defendant his requested § 3582(c)(2) sentence-reduction relief, at a point within the modified Guidelines range;

• For in that scenario, "[t]he record as a whole strongly suggests that the judge originally believed [a within-Guidelines-range] was an appropriately high sentence" such that "it is unsurprising that the judge considered a sentence somewhat higher than the bottom of the reduced range to be appropriate."

*Id.* at 117-19.

The *Chavez-Meza* court went on to say, however, that in more complicated cases—depending upon factors such as the "legal arguments raised at sentencing"—"more explanation may be necessary." *Id.* at 116.

## C.    Application to Case

In the case at hand, as with *Chavez-Meza,* the judge who issued the challenged § 3582(c)(2) order was the same judge who imposed the original sentence. In addition, the district court's decision resulted in a 57-month term of imprisonment, which remains with the modified Guidelines range—albeit at the top of the modified range, as opposed to the bottom of the original range.

However, that is where the similarities end, and the differences reveal a more "complicated" case that is not amenable to the barebones form order and explanation at issue here. In this case:

•   The existing record of original sentencing is less-than-clear about the reasons for imposing the original sentence.

•   Even were it otherwise, the original sentence was set at the very bottom of the advisory Guidelines range, whereas the district court's denial has the effect of setting the sentence at the very top of the modified range.

•   The district court's order did not grant partial sentencing relief, such that the record is unclear whether the district court based its denial upon a weighing of § 3553(a) sentencing factors, or a legal determination as to eligibility for § 3582(c)(2) relief, or some other reason entirely.

•   In connection with the § 3582(c)(2) motion at issue here, Mr. Prescott made a number of sentencing arguments that were not available at original sentencing, including strong evidence of carceral rehabilitation efforts and progress.

Hence, unlike the "simple" § 3582(c)(2) case presented in *Chavez-Meza,* Mr. Prescott's case involves "complicated" sentencing context and argumentation, that required a substantive explanation in order to demonstrate the judge: (i) "considered the parties' arguments"; (ii) had "a reasoned basis for exercising [her] own legal decision-making authority"; and (iii) "adequately explain[ed] the chosen sentence to allow for meaningful appellate review." 585 U.S. at 115-16. The challenged barebones order failed to accomplish these essential tasks. *See Burrell,* 622 F.3d at 964-65.

### D. Requested Remedy

When, as here, the district court offers a legally inadequate explanation for its decision on a § 3582(c)(2) motion, this Court generally vacates the challenged judgment and remands to the district court for the necessary proceedings and/or explanation. *Burrell,* 622 F.2d at 966. Mr. Prescott requests that same remedy here.

## CONCLUSION

For the foregoing reasons, Appellant Mr. Prescott respectfully requests that the Court vacate the challenged district court order, and remand the matter for any appropriate proceedings.

Dated: May 28, 2025

Respectfully submitted,

*s/ Eric Riensche*

_____
Assistant Federal Defender
Office of the Federal Defender
District of Minnesota
U.S. Courthouse, Suite 107
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5858

*Counsel for Defendant-Appellant*

In the
United States Court of Appeals
For the Eighth Circuit

| | | |
|---|---|---|
| United States of America, | ) | |
| Plaintiff-Appellee, | ) | **No. 25-1815** |
| | ) | |
| vs. | ) | **CERTIFICATE OF COMPLIANCE** |
| | ) | |
| Roman Gabriel Prescott, Jr., | ) | |
| Defendant-Appellant. | ) | |

1.     This document complies with the type-volume limitation of FRAP 32(a)(7)(B). Excluding the items listed in FRAP 32(f), this brief contains 2,950 words.

2.     This document complies with the typeface requirements of FRAP 32(a)(5) and type-style requirements of FRAP 32(a)(6). This document has been prepared in proportionally spaced typeface, using Microsoft Word, in a 14-point Times New Roman style.

3.     The electronic version of this document has been scanned for viruses, and the scan indicates the electronic version is virus free.

Dated: May 28, 2025                         *s/ Eric Riensche*

                                                        Assistant Federal Defender

In the
United States Court of Appeals
For the Eighth Circuit

| United States of America, | ) | |
|---|---|---|
| Plaintiff-Appellee, | ) | **No. 25-1815** |
| | ) | |
| vs. | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| Roman Gabriel Prescott, Jr., | ) | |
| Defendant-Appellant. | ) | |

I hereby certify that on April 8, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:


Dated: May 28, 2025                    *s/ Eric Riensche*

                                       Assistant Federal Defender